(No. 84-CC-1370-)

STATE EMPLOYEES' RETIREMENT SYSTEM, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 21, 1984.*

*Order on motion for reconsideration filed June 12, 1986.*

STATE EMPLOYEES' RETIREMENT SYSTEM, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This issue in this case involves the constitutional power of the General Assembly to control the fiscal policy of the State.

In 1982, the General Assembly, in various appropriation bills, provided funding that included the State's portion for retirement contributions to the various retirement systems, including the State Employees' Retirement System, for Fiscal Year 1983 (commencing July 1, 1983). The contribution rate set by Claimant for FY 1983 was 5.5% of employee compensation.

In April of 1982, responding to the State's fiscal crisis, the General Assembly passed Senate Bill 177. That bill amended the various appropriation bills to reduce the previously appropriated monies for retirement contributions to a rate of 4.5%. On April 29, 1983, Governor James R. Thompson exercised his power to item reduce certain items and Senate Bill 177 became effective immediately as Public Act 83-0002.

On April 28, 1983, the Senate adopted Senate Joint Resolution No. 33, sponsored by Senators Philip Rock,

president of the Senate, and Howard W. Carroll, chairman of the Senate Appropriations Committee.

Senate Joint Resolution No. 33 declared that:

". . . Senate Bill 177 was adopted for the purpose of helping to alleviate the state's current cash problems by reducing appropriations made for the employees' contributions to various state retirement systems for fiscal year 1983 . . .

and that:

. . . it is the intent of the General Assembly to pay to the various pension funds . . . the amount by which payments to those funds were reduced for fiscal year 1983, plus interest at the rate of 6% per year . . ."

The Resolution then resolved that the amounts reduced would be repaid by 20% of the reduction made for each of the next five fiscal years, commencing with fiscal year 1984, plus 6% interest per year.

Claimant filed this Claim to recover $176,216.39 for payment of retirement contributions for employees of the Department of Law Enforcement.

Because of the aforesaid action of the General Assembly, insufficient funds were appropriated (as a result of Senate Bill 177) to cover this claim.

Article VII, section 2(b) of the 1970 Constitution of the State of Illinois provides:

"The General Assembly by law shall make appropriations for all expenditures of public funds by the State. Appropriations for a fiscal year shall not exceed funds estimated by the General Assembly to be available during that year."

The General Assembly having determined (perhaps belatedly) that funds would not be available during Fiscal Year 1983 to cover this claim, this Court has no alternative but to deny the claim.

It is therefore ordered that this claim be dismissed, with prejudice.

## ORDER ON MOTION FOR RECONSIDERATION

Raucci, J.

This cause coming on to be heard on Claimant's motion for reconsideration, it is hereby ordered:

that the motion for reconsideration is denied.